**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of Delaware
(State)

Case number (*If known*): _____ Chapter 11

☐ Check if this is an
amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | |
|---|---|
| 1. **Debtor's name** | Aerogroup International, Inc. |

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number** (EIN)    1 3 – 3 4 3 6 1 1 9

4. **Debtor's address**

   **Principal place of business**

   201 Meadow Road
   Number    Street

   _____

   Edison          NJ    08817
   City            State   ZIP Code

   United States
   County

   **Mailing address, if different from principal place of business**

   _____
   Number      Street

   _____
   P.O. Box

   _____
   City          State   ZIP Code

   **Location of principal assets, if different from principal place of business**

   The principal place of business
   Number    Street

   and addresses listed on Schedule
   1 attached
   City          State   ZIP Code

5. **Debtor's website** (URL)    www.aerosoles.com

6. **Type of debtor**

   ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

   ☐ Partnership (excluding  LLP)

   ☐ Other. Specify: _____

Debtor   **Aerogroup International, Inc.**
Name

Case number *(if known)* _____

---

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

<u>4</u>  <u>4</u>  <u>8</u>  <u>2</u>

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.   District _____   When _____   Case number _____
MM / DD / YYYY

District _____   When _____   Case number _____
MM / DD / YYYY

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes.   Debtor   **see Schedule 2 attached**   Relationship _____

District _____   When _____
MM / DD / YYYY

Case number, if known _____

---

| Debtor | Aerogroup International, Inc. | Case number *(if known)*_____ |
|---|---|---|
| | Name | |

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number        Street

_____

_____
City        State        ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.

☒ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
☒ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated assets**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☒ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

| Debtor | Aerogroup International, Inc. | Case number (if known) |
|--------|------------------------------|------------------------|
|        | Name                         |                        |

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million

- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☒ $100,000,001-$500 million

- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

---

**Request for Relief, Declaration, and Signatures**

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- ■ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

- ■ I have been authorized to file this petition on behalf of the debtor.

- ■ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     09/15/2017
                MM / DD / YYYY

✖ /s/ Mark Weinsten                          Mark Weinsten
Signature of authorized representative of debtor     Printed name

Title   Chief Restructuring Officer

**18. Signature of attorney**

✖ /s/ Scott D. Cousins                Date   09/15/2017
Signature of attorney for debtor               MM / DD / YYYY

Scott D. Cousins
Printed name
Bayard, P.A.
Firm name
222 Delaware Avenue, Suite 900
Number        Street
Wilmington                          DE        19801
City                                State     ZIP Code

302-655-5000                        scousins@bayardlaw.com
Contact phone                       Email address

3079                                DE
Bar number                          State

---

## SCHEDULE 1

| Mall | Street Address | City | State |
|------|----------------|------|-------|
| Florida Mall | 8001 S. Orange Blossom Trail | Orlando | FL |
| Menlo Park Mall | 100 Menlo Park Drive | Edison | NJ |
| Yorktown Mall | 203 Yorktown Road | Lombard | IL |
| Fashion Show Mall | 3200 Las Vegas Blvd South | Las Vegas | NV |
| Roosevelt Field Mall | Roosevelt Field Mall | Garden City | NY |
| Palisades Center | 2651 Palisades Center Drive | West Nyack | NY |
| French Quarter | 510 St. Peter Street | New Orleans | LA |
| Fashion Island | 1075 Newport Center Drive | Newport Beach | CA |
| Forest Hills | 107-22 Continental Avenue | Queens | NY |
| Steinway St. | 30-29 Steinway Street | Long Island City | NY |
| John Street | 18 John Street | New York | NY |
| Broadway + 113th | 2913A Broadway | New York | NY |
| Walnut Street | 1700 Walnut Street | Philadelphia | PA |
| Chrysler Building | 137 East 42nd Street | New York | NY |
| Huntington 086 | 260 Main Street | Huntington | NY |
| Bay Street | 5643 Bay Street | Emeryville | CA |
| Streets At Southpoint | 6910 Fayetteville Road | Durham | NC |
| Southpark Mall | 4400 Sharon Road | Charlotte | NC |
| 34th Street | 36 West 34th Street | New York | NY |
| Brook 35 Plaza | 2150 Highway 35 | Sea Girt | NJ |
| The Mall at Millenia | 4200 Conroy Road | Orlando | FL |
| City Place At The Promenade | 68 the Promenade | Edgewater | NJ |
| Southbury Green Shopping Center | 775 Main Street South | Southbury | CT |
| Montgomery Village | 723 Village Court | Santa Rosa | CA |
| Harlem | 200 West 125th Street | New York | NY |
| The Shoppes At Union Hill | 3056 State Route 10 West | Denville | NJ |
| Queens Center | 90-15 Queens Blvd | Elmhurst | NY |
| 2 Broadway | 2 Broadway | New York | NY |
| Rockefeller Center | 1250 Ave. of the Americas | New York | NY |
| Towson Town Center | 825 Dulaney Valley Road | Towson | MD |
| Downtown Seattle | 1420 5th Avenue | Seattle | WA |
| Fairfax Corner | 11945 Grand Commons Avenue | Fairfax | VA |
| Washington Square | 9712 Washington Square Road | Tigard | OR |
| Palmer House Hilton | 109 South State Street | Chicago | IL |
| Kings Plaza Mall | 5394 Kings Plaza | Brooklyn | NY |
| Staten Island Mall | 2655 Richmond Avenue | Staten Island | NY |

| Mall | Street Address | City | State |
|------|----------------|------|-------|
| The Grove At Shrewsbury | 603 Route 35 | Shrewsbury | NJ |
| Christiana Mall | 132 Chrisiana Mall | Newark | DE |
| Fashion Centre At Pentagon City | 1100 South Hayes Street | Arlington | VA |
| Vernon Hills | 688 White Plains Road | Scarsdale | NY |
| MacArthur Center | 300 Monticello Avenue | Norfolk | VA |
| Mall of Georgia | 3333 Buford Drive | Buford | GA |
| Bay Terrace Shopping Center | 212-47 26th Avenue | Bayside | NY |
| The Mall in Columbia | 10300 Little Patuxent Pkwy | Columbia | MD |
| Jersey Gardens | 651 Kapkowski Road | Elizabeth | NJ |
| Orlando Premium Outlets | 8200 Vineland Avenue | Orlando | FL |
| Riverhead | 1770 West Main Street | Riverhead | NY |
| Wrentham Village Premium Outlets | Premium Outlet Blvd | Wrentham | MA |
| Miromar Outlets | 10801 Corkscrew Road | Estero | FL |
| Lancaster Outlets | 311 Stanley K. Tanger Blvd | Lancaster | PA |
| Leesburg Corner Premium Outlets | 241 Fort Evans Road NE | Leesburg | VA |
| St. Augustine Outlet Center | 2700 State Road 16 | St. Augustine | FL |
| Gilroy Premium Outlets | 8155 Arroyo Circle | Gilroy | CA |
| Chicago Premium Outlets | 1650 Premium Outlets Blvd | Aurora | IL |
| Tanger Factory Outlet Center | 10835 Kings Road | Myrtle Beach | SC |
| North Georgia Premium Outlets | 800 Highway 400 South | Dawsonville | GA |
| Seattle Premium Outlets | 10600 Quil Ceda Blvd | Tulalip | WA |
| Las Americas Premium Outlets | 4155 Camino Del La Plaza | San Ysidro | CA |
| Ellenton Premium Outlets | 5229 Factory Shops Blvd | Ellenton | FL |
| Philadelphia Premium Outlets | 18 West Lightcap Road | Pottstown | PA |
| Deer Park Outlets | 152 The Arches Circle | Deer Park | NY |
| The Crossings Premium Outlets | 1000 Premium Outlets Drive | Tannersville | PA |
| Arundel Mills | 7000 Arundel Mills Circle | Hanover | MD |
| Dolphin Mall | 11401 NW 12th Street | Miami | FL |
| Citadel Outlet | 100 Citadel Drive | Los Angeles | CA |
| Jackson Premium Outlets | 537 Monmouth Road | Jackson | NJ |
| Merrimack Outlet NH | 80 Premium Outlets Blvd | Merrimack | NH |
| Concord Mills | 8111 Concord Mills Blvd | Concord Place | NC |
| South Vegas Outlets | 7400 S. Las Vegas Blvd | Las Vegas | NV |
| Woodburn Company Stores | 1001 Arney Road | Woodburn | OR |
| Palm Beach Outlets | 1781 Palm Beach Lakes Blvd | West Palm Beach | FL |
| Riverwalk Marketplace | 500 Port of New Orleans Place | New Orleans | LA |
| Carolina Premium Outlets | 1247 Outlet Center Drive | Smithfield | NC |
| Fashion Outlets Rosemont | 5220 Fashion Outlet Way | Rosemont | IL |

| Mall | Street Address | City | State |
|------|---------------|------|-------|
| Rehoboth Beach III | 36470 Seaside Outlet Drive | Rehoboth | DE |
| National Harbor Outlets | 6800 Oxon Hill Road | National Harbor | MD |
| Twin Cities Outlets | 3965 Eagan Outlets Pkwy | Eagan | MN |
| Savannah | 200 Tanger Outlet | Pooler | GA |

**SCHEDULE 2**

**SCHEDULE OF DEBTORS**

On the date hereof, each of the affiliated entities listed below filed in this Court a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101-1532, as amended.  Substantially contemporaneously with the filing of these chapter 11 cases, these entities filed a motion requesting that their respective chapter 11 cases be jointly administered for procedural purposes only.

| DEBTOR | TAX ID NO. |
|---|---|
| Aerogroup International, Inc. | 13-3436119 |
| AGI HoldCo, Inc. | 46-5367087 |
| Aerogroup International, LLC | 26-2694658 |
| Aerogroup International Holdings, LLC | 26-2694312 |
| Aerogroup Retail Holdings, Inc. | 51-0364650 |
| Aerogroup Gift Card Company, Inc. | 46-2547551 |

## SECRETARY'S CERTIFICATE

The undersigned, being an assistant general counsel of Aerogroup International, Inc., a New Jersey corporation (the "Corporation"), does hereby certify as follows:

> Attached hereto as **Annex A** is a true, correct and complete copy of resolutions duly adopted by the board of directors of the Corporation on September 14, 2017 (the "Resolutions"), and such Resolutions have not been modified or rescinded and are in full force and effect.

IN WITNESS WHEREOF, the undersigned, has executed and caused this certificate to be delivered as of September 14, 2017.

AEROGROUP INTERNATIONAL, INC.

By: _____
Jonathan A. Weiss
Assistant General Counsel

## Annex A

### RESOLUTIONS OF THE
### BOARD OF DIRECTORS OF
### AEROGROUP INTERNATIONAL, INC.

### September 14, 2017

WHEREAS, the Board of Directors (the "Board of Directors") of Aerogroup International, Inc. (the "Company"), a Delaware corporation, does hereby consent to the taking of the following actions and does hereby adopt the following resolutions;

WHEREAS, the Board of Directors has considered presentations by the management of, and the financial and legal advisors to, the Company regarding the potential liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's business, creditors, and other parties in interest;

WHEREAS, the Board of Directors has had the opportunity to consult with the Company's management, and financial and legal advisors and other professionals, and fully consider each of the strategic alternatives available to the Company; and

WHEREAS, based on its review of all available alternatives and advice provided by such advisors and professionals, the Board of Directors has determined that it is in the best interest of the Company, its subsidiaries and their respective stakeholders, for the Company and its domestic subsidiaries to take the actions specified in the following resolutions:

**Chapter 11 Filing**

RESOLVED:    That in the judgment of the Board of Directors of the Company, it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company and its affiliates file or cause to be filed a voluntary petition for relief (the "Chapter 11 Case") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for District of Delaware (the "Bankruptcy Court").

RESOLVED:    That the Company file or cause to be filed the Chapter 11 Case under the provisions of the Bankruptcy Code in the Bankruptcy Court (the "Chapter 11 Filing").

RESOLVED:    That any officer of the Company, including the Chief Executive Officer, the Senior Vice President of Finance, or the Chief Restructuring Officer (each, an "Authorized Officer" and collectively, the "Authorized Officers") be, and hereby are, authorized to execute and file, or cause to be executed and filed, on behalf of the Company or any of its affiliates or subsidiaries, a chapter 11 petition for relief in the Bankruptcy Court.

RESOLVED:   That any Authorized Officer of the Company, acting alone or with one or more other Authorized Officers be, and hereby are, authorized to execute and file on behalf of the Company all schedules, lists and other papers or documents, and to take any and all action which they deem reasonable, advisable, expedient, convenient, necessary or proper to obtain chapter 11 relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business.

## Retention of Professionals

RESOLVED:   That the law firm of Ropes & Gray LLP be, and hereby is, employed under a general retainer to render legal services to, and to represent the Company in connection with the chapter 11 case and any other related matters in connection therewith, on such terms as any Authorized Officers shall approve.

RESOLVED:   That the law firm of Bayard, P.A. be, and hereby is, employed under a general retainer to render legal services to, and to represent the Company in connection with the chapter 11 case and any other related matters in connection therewith, on such terms as any Authorized Officers shall approve.

RESOLVED:   That the firm of Berkeley Research Group ("BRG") (including Mark Weinsten of BRG as the Company's Chief Restructuring Officer) be, and hereby is, employed as financial advisor to the Company in connection with the chapter 11 case and any other related matters in connection therewith, on such terms as any Authorized Officers shall approve.

RESOLVED:   That the firm of Piper Jaffray & Co. be, and hereby is, employed as investment bankers to the Company in connection with the chapter 11 case and any other related matters in connection therewith, on such terms as any Authorized Officers shall approve.

RESOLVED:   That the firm of Prime Clerk LLC. be, and hereby is, employed as claims and noticing agent and administrative advisor to the Company in connection with the chapter 11 case and any other related matters in connection therewith, on such terms as any Authorized Officers shall approve.

RESOLVED:   That the Authorized Officers be, and each of them, with full authority to act without the others, hereby is, authorized, empowered and directed, in the name and on behalf of the Company, to retain such other professionals as they deem appropriate during the courts of the chapter 11 case.

**Cash Collateral and Adequate Protection**

RESOLVED:    That the Company is authorized to obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition secured lenders (collectively, the "Secured Lenders") pursuant to:

     a.  The Credit Agreement (the "ABL Credit Agreement") with Wells Fargo Bank, National Association, as agent (the "ABL Agent") and as l/c issuer, lender and swing line lender (in such capacities, the "ABL Lender" and, together with the ABL Agent, the "ABL Secured Parties"), pursuant to which the ABL Lender agreed to provide the Company and its domestic affiliates a revolving loan facility in the aggregate principal amount of $32,000,000.00 (the "ABL Loan") and a letter of credit with an undrawn face amount of $5,000,000.00 (the "ABL Letter of Credit"). The obligations under the ABL Credit Agreement are secured by (x) first priority liens on, and security interests in the ABL Priority Collateral (as defined in the ABL/Term Loan Intercreditor Agreement)[1] and (y) second priority liens on, and security interests in, the Term Priority Collateral (as defined in the ABL/Term Loan Intercreditor Agreement).

     b.  The Term Loan Agreement (the "Second Lien Credit Agreement") with THL Corporate Finance, Inc., as administrative agent and collateral agent ("Term Loan Agent") and the other lenders from time to time party thereto (the "Term Loan Lenders" and, together with the Term Loan Agent, the "Term Loan Secured Parties"), pursuant to which the Term Loan Agent agreed to extend a $20 million term loan with a maturity date of December 9, 2019 (the "Second Lien Term Loan"). The obligations under the Second Lien Credit Agreement are secured by (x) first priority liens on, and security interests in the Term Priority Collateral and (y) second priority liens on, and security interests in, the ABL Priority Collateral.

     c.  The Subordinated Convertible Notes due March 9, 2020, in the aggregate principal amount of $16,275,884.96 (the "Senior Convertible Notes"), issued by the AGI HoldCo, Inc. and the Company pursuant to that certain Purchase Agreement  dated as of January 20, 2016 with Palladin Partners, LP, as agent and the purchasers of the Senior Convertible Notes from time to time party thereto. The obligations under the Senior Convertible Notes are secured by third priority liens on substantially all of the Company's assets.

     d.  The Subordinated Convertible Non-Transferrable Notes due March 9, 2020 in the aggregate principal amount of $6,999,999.99 (the "Subordinated Convertible Notes"), issued by AGI HoldCo, Inc.  The obligations under the

---

[1] The relationship among Wells Fargo and the Term Loan Secured Parties is governed by that certain Intercreditor Agreement, dated as of June 9, 2014, by and among the ABL Agent and the Term Loan Agent (as amended, the "ABL/Term Loan Intercreditor Agreement").

Subordinated Convertible Notes are secured by fourth priority liens on substantially all of the Company's assets.

RESOLVED: That in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Company is authorized to provide certain adequate protection to the Secured Lenders (the "Adequate Protection Obligations"), to be documented in a proposed order with terms substantially similar to those considered by the Board of Directors (the "Cash Collateral Order").

RESOLVED: That the general terms proposed to be included in the Cash Collateral Order to which the Company will be subject, and the actions and transactions contemplated thereby be, and hereby are authorized and approved, and each of the Authorized Officers of the Company be, and hereby is, authorized and empowered, in the name of and on behalf of the Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform and cause the performance of, the terms proposed to be included in the Cash Collateral Order, and such other agreements, certificates, instruments, receipts, petitions, motions or other papers or documents to which the Company is or will be a party, incur and pay or cause to be paid all fees and expenses and engage such persons, with such changes, additions and modifications thereto as the officers of the Company executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof.

RESOLVED: That the Company, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations and to undertake any and all related transactions, and that the Authorized Officers be, and they hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company, as debtor and debtor in possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate to secure and maintain use of the Cash Collateral.

RESOLVED: That each of the Authorized Officers of the Company be, and hereby is, authorized, directed and empowered in the name of, and on behalf of, the Company to file or to authorize the filing of any Uniform Commercial Code (the "UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation and any necessary assignments for security or other documents in the name of the Company that are deemed necessary or appropriate to perfect any lien or security interest granted under the Cash Collateral Order, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company and such other filings in respect of intellectual and other property of the Company, in each case as the

Agents may reasonably request to perfect the security interests of the Agents under the Cash Collateral Order.

RESOLVED: That each of the Authorized Officers of the Company be, and they hereby are, authorized, directed and empowered in the name of, and on behalf of, the Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Adequate Protection Obligations and all fees and expenses incurred by or on behalf of the Company in connection with the foregoing resolutions, which shall in their sole judgment be necessary, proper or advisable to perform the Company's obligations under or in connection with the Cash Collateral Order or any of the other adequate protection documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

## General

RESOLVED: That each of the Authorized Officers be, and hereby is, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, proper, or desirable in connection with the Company's Chapter 11 Case, with a view to the successful prosecution of such case.

RESOLVED: That the omission from these resolutions of any agreement, document or other arrangement contemplated by any of the agreements, documents or instruments described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, documents or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Officers to take all actions necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions.

RESOLVED: That all acts, actions, and transactions relating to the matters contemplated by the foregoing Resolutions previously done, on or prior to the date hereof, in the name and on behalf of the Company, in connection with the transactions contemplated by the foregoing resolutions, are in all respects ratified, approved, confirmed and adopted as acts and deeds by and on behalf of the Company.

RESOLVED: That the Authorized Officers be, and hereby are, and each of them acting singly is, authorized and directed, on behalf of and in the name of the Company, to enter into, execute, deliver, certify, file, and/or record and perform such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates, and other documents and to take such other actions as in the judgment of the Authorized Officer shall be or

become necessary, appropriate, and desirable to prosecute to a successful completion the Chapter 11 Case and otherwise exercise the rights and powers of the Company as a member or manager (however denominated, or any officer of the Company so empowered) of the Company's subsidiaries, including any amendments to the Company's by-laws as may be necessary or advisable.

RESOLVED:   That each of the Authorized Officers (and their designees and delegates) be and hereby is authorized and empowered to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder as the sole shareholder, partner, member, or managing member of each direct subsidiary of the Company, in each case, as such Authorized Officer shall deem necessary or desirable in such Authorized Officers' reasonable business judgment as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein.

RESOLVED:   That all members of the Board of Directors of the Company have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

In re:

AEROGROUP INTERNATIONAL, INC.,

Debtor.

Employer's Tax Identification No.:
13-3436119

Chapter 11

Case No. 17-_____(___)

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure and Rule 1007-1 of the local Bankruptcy Rules for the District of Delaware, the following are corporations, other than a governmental unit, that directly or indirectly own 10% or more of any class of the Debtor's equity interests:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| AGI HoldCo, Inc. | 100% |

| Fill in this information to identify the case and this filing: |
| --- |

Debtor Name  __Aerogroup International, Inc.__

United States Bankruptcy Court for the: _____ District of __Delaware__
(State)

Case number (*If known*):  _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration __Corporate Ownership Statement__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  __09/15/2017__          ✖ __/s/ Mark Weinsten__
　　　　　　　MM / DD / YYYY          Signature of individual signing on behalf of debtor

　　　　　　　　　　　　　　　　__Mark Weinsten__
　　　　　　　　　　　　　　　　Printed name

　　　　　　　　　　　　　　　　__Chief Restructuring Officer__
　　　　　　　　　　　　　　　　Position or relationship to debtor

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AEROGROUP INTERNATIONAL, INC.,<br><br>      Debtor.<br><br>Employer's Tax Identification No.:<br>13-3436119 | Chapter 11<br><br>Case No. 17-_____(____) |

## LIST OF EQUITY SECURITY HOLDER PURSUANT TO FED. R. BANKR. P 1007(a)(3)

| Equity Holder | Address of Equity Holder | Approximate Percentage of Equity Held |
|---|---|---|
| AGI HoldCo, Inc. | 201 Meadow Road<br>Edison, New Jersey 08817 | 100% |

---

**Fill in this information to identify the case and this filing:**

Debtor Name ___Aerogroup International, Inc.___

United States Bankruptcy Court for the: _____ District of __Delaware__
(State)

Case number (*If known*): _____

---

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

---

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration ___List of Equity Security Holder(s)___

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___09/15/2017___        ✘ ___/s/ Mark Weinsten___
MM / DD / YYYY                        Signature of individual signing on behalf of debtor

___Mark Weinsten___
Printed name

___Chief Restructuring Officer___
Position or relationship to debtor

---

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

</div>

| | |
|---|---|
| In re:<br><br>AEROGROUP INTERNATIONAL, INC.,<br><br>                     Debtor.<br><br>Employer's Tax Identification No.:<br>13-3436119 | Chapter 11<br><br>Case No. 17-_____(___) |

<div align="center">

**CONSOLIDATED LIST OF CREDITORS HOLDING**
**THIRTY LARGEST UNSECURED CLAIMS**

</div>

Following is a consolidated list of creditors holding the 30 largest unsecured claims, as of approximately September 11, 2017.  The list has been prepared on a consolidated basis, based upon the books and records of the debtor and certain affiliated entities that have contemporaneously commenced Chapter 11 cases in this Court (collectively, the "Debtors").  The Debtors believe that this list is representative of the 30 largest creditors in each of the affiliated cases.  The information presented in the list shall not constitute an admission by, nor is it binding on, the Debtors.[1]

The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 case.  The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101 or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 30 largest unsecured claims.[2]

---

[1] The Debtors will file schedules of assets and liabilities (the "Schedules") in accordance with 11 U.S.C. § 521 and Fed. R. Bankr. P. 1007.  The information contained in the Schedules may differ from the information set forth below.

[2] The Debtors have not yet identified which of the 30 largest unsecured claims, if any, are contingent, unliquidated, disputed and/or subject to setoff.  The Debtors reserve the right to identify any of the 30 largest unsecured claims in their Schedules as contingent, unliquidated, disputed and/or subject to setoff, as appropriate.

**Fill in this information to identify the case:**

Debtor name:  Aerogroup International, Inc., *et al.*

United States Bankruptcy Court for the:  District of Delaware

Case number (if known):  _____

☐ Check if this is an amended filing

Official Form 204

## Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim(for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 1 | ICB ASIA CO. LTD. ATTENTION PRESIDENT / GENERAL COUNSEL 13F-C1 NO. 185 TAICHUNG KANG RD TAIWAN, R.O.C. | ICB ASIA CO. LTD. ATTENTION PRESIDENT / GENERAL COUNSEL PHONE: +886 423287088 FAX: +886 423287089 EMAIL: crobles@icbintl.com | Trade Debt | | | | $7,479,363.17 |
| 2 | RIVAL SHOES DESIGN LTD ATTENTION PRESIDENT / GENERAL COUNSEL NO. 1 GOLDEN ROAD, BAIMA AREA, NANCHANG DISTRICT BAIMA AREA NANCHANG DISTRICT DONGGUAN, GUANGDONG 523080 CHINA | RIVAL SHOES DESIGN LTD ATTENTION PRESIDENT / GENERAL COUNSEL PHONE: (86)769-8806-3066 FAX: (86)769-2236-3627 EMAIL: sherry@rivalshoedesign.com | Trade Debt | | | | $1,771,007.69 |
| 3 | MOVE ON- COMPONENTES E CALCADO ATTENTION PRESIDENT / GENERAL COUNSEL RUO DO ALTO DA TORRE 100 3885-436 ESMORIZ PORTUGAL | MOVE ON- COMPONENTES E CALCADO ATTENTION PRESIDENT / GENERAL COUNSEL PHONE: 351 256 785 250 FAX: 351 225 074 179 EMAIL: Fatima.Oliveira@moveon.pt | Trade Debt | | | | $1,758,636.40 |
| 4 | SRS ACQUIOM ATTENTION PRESIDENT / GENERAL COUNSEL 950 17TH ST DENVER, CO 80202 USA | SRS ACQUIOM ATTENTION PRESIDENT / GENERAL COUNSEL PHONE: (415) 263-9018 FAX: 415-962-4147 EMAIL: support@srsacquiom.com | Holdback Loan Payable | | | | $1,687,248.62 |
| 5 | HONGFU INTERNATIONAL CORP ATTENTION PRESIDENT / GENERAL COUNSEL NO. 130 XING AN ROAD DA JIA DISTRICT TAICHUNG CITY 43761 TAIWAN | HONGFU INTERNATIONAL CORP ATTENTION PRESIDENT / GENERAL COUNSEL PHONE: +886 426805818 FAX: +886 426886739 EMAIL: yongrui.shoes@msa.hinet.net | Trade Debt | | | | $972,418.28 |

Debtor Aerogroup International, Inc., et al.                                                      Case number (if known) _____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim(for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If the claim is partially secured, fill in total claim amount and deduction for value of collateral or | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 6 | HSM/UP SKY ATTENTION PRESIDENT / GENERAL COUNSEL 9 NORTH HUIZHAN EAST ROAD NANWU DISTRICT HOUJIE TOWN DONGGUAN, GUANGDONG CHINA | HSM/UP SKY ATTENTION PRESIDENT / GENERAL COUNSEL PHONE: FAX: EMAIL: ellen@fubon-shoes.com | Trade Debt | | | $884,552.76 |
| 7 | ICI ATTENTION PRESIDENT / GENERAL COUNSEL 6402 SOUTH TROY CIRCLE SUITE 320 CENTENNIAL , CO 80111 USA | ICI ATTENTION PRESIDENT / GENERAL COUNSEL PHONE: (724) 612-3080 FAX: EMAIL: diane@incoloradoinc.com | Trade Debt | | | $613,990.55 |
| 8 | WORLD COMMERCE INTERNATIONAL ATTENTION PRESIDENT / GENERAL COUNSEL 32/F, TOWER 1 MILLENIUM CITY 1 388, KWUN TONG ROAD KWUN TONG, KOWLOON HONG KONG | WORLD COMMERCE INTERNATIONAL ATTENTION PRESIDENT / GENERAL COUNSEL PHONE: (852) 3972-2276 FAX: (86) 769 2276 2099 EMAIL: hk@worldcomtrading.com | Trade Debt | | | $418,916.45 |
| 9 | DISTRIBUTION MANAGEMENT GROUP ATTENTION PRESIDENT / GENERAL COUNSEL 207 MEADOW ROAD EDISON, NJ 08817 USA | DISTRIBUTION MANAGEMENT GROUP ATTENTION PRESIDENT / GENERAL COUNSEL PHONE: (732) 777-3331 FAX: 732-819-9386 EMAIL: john.roca@dmgincusa.com | Trade Debt | | | $371,585.11 |
| 10 | SIMON MANAGEMENT ASSOCIATES, LLC ATTN: MS MANAGEMENT ASSOCIATES 225 WASHINGTON STREET INDIANAPOLIS, IN 46204-3438 USA | SIMON MANAGEMENT ASSOCIATES, LLC ATTN: MS MANAGEMENT ASSOCIATES PHONE: 317-636-1600 FAX: EMAIL: | Landlord | | | $369,141.69 |
| 11 | LEIF J. OSTBERG, INC. (LJO) ATTENTION PRESIDENT / GENERAL COUNSEL 12F NO 309 SUNG CHANG ROAD TAIPEI TAIWAN, R.O.C. | LEIF J. OSTBERG, INC. (LJO) ATTENTION PRESIDENT / GENERAL COUNSEL PHONE: (973) 389-2643 FAX: 973-956-6991 EMAIL: briant@ljoinc.com | Trade Debt | | | $351,051.90 |
| 12 | DAMCO CUSTOMS SERVICES INC. ATTENTION PRESIDENT / GENERAL COUNSEL 180 PARK AVENUE BLG 105 P.O. BOX 697 FLORHAM PARK, NJ 07932 USA | DAMCO CUSTOMS SERVICES INC. ATTENTION PRESIDENT / GENERAL COUNSEL PHONE: (973) 514-5166 FAX: EMAIL: lori.woolis@damco.com | Trade Debt | | | $131,767.84 |
| 13 | BLDG MANAGEMENT CO., LLC ATTENTION PRESIDENT / GENERAL COUNSEL 417 5TH AVENUE 4TH FLOOR BELLEVUE, NY USA | BLDG MANAGEMENT CO., LLC ATTENTION PRESIDENT / GENERAL COUNSEL PHONE: (212) 624-4300 FAX: EMAIL: | Landlord | | | $121,803.71 |

Debtor Aerogroup International, Inc., et al.                                                   Case number (if known) _____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim(for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 14 COHNREZNICK LLP ATTENTION PRESIDENT / GENERAL COUNSEL 1301 AVENUE OF THE AMERICAS NEW YORK, NY 10019-6032 USA | COHNREZNICK LLP ATTENTION PRESIDENT / GENERAL COUNSEL PHONE: (646) 448-5413 FAX: (646) 254-7495 EMAIL: Janet.Gay@CohnReznick.com | Professional Services | | | | $100,675.00 |
| 15 VERITIV OPERATING COMPANY ATTENTION PRESIDENT / GENERAL COUNSEL 261 RIVER ROAD CLIFTON, NJ 07014 USA | VERITIV OPERATING COMPANY ATTENTION PRESIDENT / GENERAL COUNSEL PHONE: (513) 285-0788 FAX: (513) 285-4505 EMAIL: Patty.Williams@veritivcorp.com | Trade Debt | | | | $97,569.37 |
| 16 TANGER PROPERTIES, LP ATTN: LEGAL DEPARTMENT 3200 NORTHLINE AVE. SUITE 300 GREENSBORO, NC 27408 USA | TANGER PROPERTIES, LP ATTN: LEGAL DEPARTMENT PHONE: (336) 292-3010 FAX: (336) 852-2096 EMAIL: | Landlord | | | | $82,030.95 |
| 17 US POSTMASTER ATTN: THOMAS J. MARSHALL, GENERAL COUNSEL 475 L'ENFANT PLAZA WASHINGTON, DC 20260 | US POSTMASTER ATTN: THOMAS J. MARSHALL, GENERAL COUNSEL PHONE: 202-268-2000 FAX: 202-268-3488 EMAIL: | Trade Debt | | | | $81,000.00 |
| 18 PLAN IT CONSTRUCTION USA INC. ATTENTION PRESIDENT / GENERAL COUNSEL 4949 COTE-VERTU ST. LAURENT, QC H4S 1E1 CANADA | PLAN IT CONSTRUCTION USA INC. ATTENTION PRESIDENT / GENERAL COUNSEL PHONE: (514) 339-1112 FAX: 514.339.1115 EMAIL: FACILITIES@planitconstruction.com | Trade Debt | | | | $78,981.30 |
| 19 ZETA INTERACTIVE LLC ATTENTION PRESIDENT / GENERAL COUNSEL 185 MADISON AVE 5TH FLOOR NEW YORK, NY 10016 USA | ZETA INTERACTIVE LLC ATTENTION PRESIDENT / GENERAL COUNSEL PHONE: (631) 851-5067 FAX: 212-967-1028 EMAIL: janeanderson@zetaglobal.com | Trade Debt | | | | $75,000.00 |
| 20 PPR WASHINGTON SQUARE, LLC ATTN: LEGAL DEPARTMENT C/O MACERICH 401 WILSHIRE BLVD., SUITE 700 SANTA MONICA, CA 90407 USA | PPR WASHINGTON SQUARE, LLC ATTN: LEGAL DEPARTMENT PHONE: (718) 592-7658 FAX: EMAIL: dustin.rand@macerich.com; lisa.kennedy@macerich.com | Landlord | | | | $74,071.84 |
| 21 PMX AGENCY LLC ATTENTION PRESIDENT / GENERAL COUNSEL 5 HANOVER SQ 6TH FLOOR NEW YORK, NY 10004 USA | PMX AGENCY LLC ATTENTION PRESIDENT / GENERAL COUNSEL PHONE: (212) 387-0300 FAX: (212) 387-7647 EMAIL: Acctsreceivable@pmxagency.com | Trade Debt | | | | $63,803.53 |
| 22 KNOWLEDGEPATH SOLUTIONS, LLC ATTENTION PRESIDENT / GENERAL COUNSEL 6550 ROCK SPRING DRIVE 7TH FLOOR BETHESDA, MD 20817 USA | KNOWLEDGEPATH SOLUTIONS, LLC ATTENTION PRESIDENT / GENERAL COUNSEL PHONE: (617) 750-6422 FAX: EMAIL: mdawley@dminc.com | Trade Debt | | | | $61,387.50 |
| 23 GOOGLE INC. ATTENTION PRESIDENT / GENERAL COUNSEL 1600 AMPHITHEATRE PKWY MOUNTAIN VIEW, CA 94043 USA | GOOGLE INC. ATTENTION PRESIDENT / GENERAL COUNSEL PHONE: (650) 253-0000 FAX: (650) 253-0001 EMAIL: collections@google.com | Trade Debt | | | | $54,359.82 |

Debtor Aerogroup International, Inc., et al.

Case number (if known) _____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim(for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 24 DIVERSIFIED DISTRIBUTION SYSTE ATTENTION PRESIDENT / GENERAL COUNSEL 7351 BOONE AVENUE NORTH BROOKLYN PARK, MN 55428 USA | DIVERSIFIED DISTRIBUTION SYSTE ATTENTION PRESIDENT / GENERAL COUNSEL PHONE: (612) 813-5245 FAX: 612-813-5205 EMAIL: cpaumen@ddsjit.com | Trade Debt | | | | $51,715.86 |
| 25 GGP SI MALL, LLC ATTN: LAW/LEASING DEPARTMENT C/O STATEN ISLAND MALL - PHASE 1 110 NORTH WACKER DRIVE CHICAGO, IL 60606 USA | GGP SI MALL, LLC ATTN: LAW/LEASING DEPARTMENT PHONE: (312) 960-5000 FAX: EMAIL: | Landlord | | | | $50,979.92 |
| 26 CORD MEYER DEVELOPMENT, LLC ATTENTION PRESIDENT / GENERAL COUNSEL 111-15 QUEENS BLVD. FOREST HILLS, NY 11375 USA | CORD MEYER DEVELOPMENT, LLC ATTENTION PRESIDENT / GENERAL COUNSEL PHONE: (718) 268-2500 FAX: EMAIL: JMangone@CordMeyer.com; PWalsh@CordMeyer.com | Landlord | | | | $44,990.34 |
| 27 D & E PACKAGING,INC ATTENTION PRESIDENT / GENERAL COUNSEL PO BOX 4735 WAYNE, NJ 07470 USA | D & E PACKAGING,INC ATTENTION PRESIDENT / GENERAL COUNSEL PHONE: (973) 283-4400 FAX: (973) 283-4500 EMAIL: jkurtz@dnepkg.com | Trade Debt | | | | $42,627.51 |
| 28 ARANDELL CORP. ATTN: BRADLEY J. HOFFMAN N82 W13118 LEON ROAD MENOMONEE FALLS, WI 53051 USA | ARANDELL CORP. ATTN: BRADLEY J. HOFFMAN PHONE: (262) 255-4400 FAX: (262) 253-3162 EMAIL: info@arandell.com | Trade Debt | | | | $42,050.25 |
| 29 EXPERIAN MARKETING SOLUTIONS, ATTENTION PRESIDENT / GENERAL COUNSEL 955 AMERICAN LANE SCHAUMBURG, IL 60173 USA | EXPERIAN MARKETING SOLUTIONS, ATTENTION PRESIDENT / GENERAL COUNSEL PHONE: (800) 695-4698 FAX: 353 (0) 1 846 9150 EMAIL: ExperianNACollections@experian.com | Trade Debt | | | | $40,524.40 |
| 30 ORACLE AMERICA, INC. ATTENTION DORIAN DALEY PO BOX 203448 DALLAS, TX 75320-3448 USA | ORACLE AMERICA, INC. ATTENTION DORIAN DALEY PHONE: (888) 803-7414 FAX: EMAIL: collections_us@oracle.com | Trade Debt | | | | $36,952.73 |

<div style="border:1px solid">

**Fill in this information to identify the case and this filing:**

Debtor Name    Aerogroup International, Inc.

United States Bankruptcy Court for the: _____ District of **Delaware**
(State)

Case number (*If known*): _____

</div>

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐   *Schedule H: Codebtors* (Official Form 206H)

☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐   Amended *Schedule* _____

☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐   Other document that requires a declaration_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   09/15/2017     ✖   */s/ Mark Weinsten*
      MM / DD / YYYY       Signature of individual signing on behalf of debtor

                               Mark Weinsten
                               Printed name

                               Chief Restructuring Officer
                               Position or relationship to debtor