# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AEROGROUP INTERNATIONAL,<br>INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 17-11962 (KJC)<br><br>(Jointly Administered)<br><br>Re: D.I. 532, 557 |

## ORDER (A) APPROVING BID PROCEDURES FOR THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS, (B) APPROVING PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS OR UNEXPIRED LEASES IN CONNECTION WITH THE SALE, (C) AUTHORIZING THE DEBTORS TO ENTER INTO STALKING HORSE AGREEMENTS AND APPROVING CERTAIN BID PROTECTIONS, SUBJECT TO A FURTHER HEARING, (D) SCHEDULING A SALE HEARING, AND (E) GRANTING CERTAIN RELATED RELIEF

Upon the *Motion of the Debtors for Entry of (I) an Order (A) Approving Bid Procedures For the Sale of Substantially All of the Debtors' Assets, (B) Approving Procedures For the Assumption and Assignment of Executory Contracts or Unexpired Leases in Connection with the Sale, (C) Authorizing the Debtors to Enter Into Stalking Horse Agreements and Approving Certain Bid Protections, Subject to a Further Hearing, (D) Scheduling a Sale Hearing and (E) Granting Certain Related Relief, and (II) an Order (A) Approving the Sale of the Debtors' Assets, (B) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (C) Granting Certain Related Relief* (the "Sale Motion") [D.I. 532][2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") seeking,

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Aerogroup International, Inc. (6119), AGI Holdco, Inc. (7087), Aerogroup International LLC (4658), Aerogroup International Holdings LLC (4312), Aerogroup Retail Holdings, Inc. (4650), and Aerogroup Gift Card Company, Inc. (7551). The mailing address for the Debtors, solely for purposes of notices and communications, is: 201 Meadow Road, Edison, New Jersey 08817.

[2] Unless otherwise stated, all capitalized terms not defined herein shall have the same meaning as set forth in the Sale Motion or the Bid Procedures, as applicable.

{BAY:03187194v3}

among other things, the entry of an order approving the bid procedures attached hereto as **Exhibit 1** (the "Bid Procedures") in connection with the proposed sale of substantially all of the Debtors' Assets; it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; the Court having jurisdiction to consider the Bid Procedures Relief of the Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Bid Procedures Relief being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Sale Motion having been adequate and appropriate under the circumstances; a hearing on the Bid Procedures Relief having been held by this Court; and after due deliberation and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED THAT:**

1. The Bid Procedures relief in the Sale Motion is GRANTED as provided herein.

2. All objections to the Motion or the relief provided herein that have not been withdrawn, waived or settled, and all reservations of rights included therein, hereby are overruled and denied on the merits.

3. The Bid Procedures attached hereto as **Exhibit 1** are fair and reasonable and appropriate under the circumstances and designed to maximize recovery on, and realize value of the Debtors' Assets and are therefore approved. The Bid Procedures shall govern the submission, receipt and analysis of all bids relating to the Sale and any party desiring to submit a bid shall do so strictly in accordance with the terms of the Bid Procedures and this Order.

4. The form of notice of the Auction and the Sale attached to the Sale Motion as **Exhibit B** (the "Sale Notice") is reasonably calculated to provide all interested parties with timely and proper notice of the proposed Sale and is therefore approved. Within one (1) day after the entry of this Order, or as soon thereafter as practicable (the "Mailing Date"), the

Debtors (or their agents) shall serve the Sale Notice by e-mail (if known) and first-class mail, postage prepaid, upon (i) the U.S. Trustee; (ii) counsel to the THL Corporate Finance, Inc., as the Term Loan Agent, Paul Hastings LLP, 71 S. Wacker Drive, Forty-Fifth Floor, Chicago, Illinois 60606 (Attn: Matthew Murphy), mattmurphy@paulhastings.com; (iii) Palladin Consumer Retail Products, Attn: John Lawrence, John Hancock Tower, 200 Clarendon Street, 26th Floor, Boston, MA 02116; (iv) counsel to the Prepetition Senior Noteholders and the Prepetition Subordinated Noteholders, Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Jacqueline Marcus), jacqueline.marcus@weil.com; (v) the Internal Revenue Service; (vi) the United States Attorney for the District of Delaware; (vii) counsel to the Committee; (viii) the DIP Secured Parties; (ix) any party known or reasonably believed to have asserted any lien, claim or encumbrance or other interest in the Debtors' assets; (xi) any party known or reasonably believed to have expressed an interest in acquiring some or substantially all of the Debtors' assets; and (x) any parties that have requested notice in these cases pursuant to Bankruptcy Rule 2002. Such notice shall be sufficient and proper notice of the Sale with respect to known interested parties and no other or further notice of the Auction or the Sale Hearing (as defined below) to such parties shall be required.

5. The hearing to approve the Sale of the Debtors' Assets (the "Sale Hearing") will be held on **February 14, 2018 at 1:30 p.m. (ET)** which may be adjourned for any reason. Any such adjournment shall be effective upon the filing of a notice of adjournment or the making of an announcement at the Sale Hearing. No further notice of any such adjournment or continuance will be required to be provided to any party.

6. The deadline for filing an objection to the Sale shall be **February 12, 2018 at 4:00 p.m. (ET)** (the "Sale Objection Deadline"). Objections, if any, shall be in writing, filed

with the Court and served upon: (i) co-counsel to the Debtors: (a) Ropes & Gray LLP, 1211 Avenue of the Americas, New York, NY 10036–8704 (Attn: Gregg M. Galardi), gregg.galardi@ropesgray.com; and (b) Bayard, P.A., 600 N. King Street, Suite 400, Wilmington, DE 198013 (Attn: Scott D. Cousins and Erin R. Fay) scousins@bayardlaw.com, efay@bayardlaw.com; (ii) the U.S. Trustee, Office of The United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: David L. Buchbinder) david.l.buchbinder@usdoj.gov; (iii) counsel to the THL Corporate Finance, Inc., as the Term Loan Agent, Paul Hastings LLP, 71 S. Wacker Drive, Forty-Fifth Floor, Chicago, Illinois 60606 (Attn: Matthew Murphy), mattmurphy@paulhastings.com; (iv) Palladin Consumer Retail Products, Attn: John Lawrence, John Hancock Tower, 200 Clarendon Street, 26th Floor, Boston, MA 02116; (v) counsel to the Prepetition Senior Noteholders and the Prepetition Subordinated Noteholders, Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Jacqueline Marcus), jacqueline.marcus@weil.com; (vi) counsel to the Committee, Cooley LLP (Attn: Michael Klein and Sarah A. Carnes), mklein@cooley.com and scarnes@cooley.com; and (vii) counsel to the DIP Lender, Arent Fox LLP, 1675 Broadway, New York, New York 10019 (Attn: Robert M. Hirsh, Esq.), Robert.Hirsh@arentfox.com, so that it is actually received on or before the Sale Objection Deadline (collectively, the "Objection Notice Parties").

7.  The deadline for submitting Qualified Bids shall be **February 9, 2018 at 5:00 p.m. (ET)** (the "Bid Deadline").

8.  As soon as practicable after the Bid Deadline, but no later than one (1) day after such deadline, the Debtors shall provide electronic notice on the case docket as to whether more than one Qualified Bid has been received and whether the Debtors will proceed with the Auction.

Such notice shall also contain a brief description of the Assets included in each Qualified Bid, specifically including a list of the Executory Contracts included in such bid.

9.  If only one Qualified Bid or no Qualified Bid is received by the Bid Deadline, then the Debtors may decide to not hold the Auction. If more than one Qualified Bid is received by the Bid Deadline, then the Debtors shall conduct the Auction. The Auction shall commence on **February 12, 2018 at 10:00 a.m. (ET)** at the offices of Ropes & Gray LLP, 1211 Avenue of the Americas, New York, New York 10036, or such later time (after consultation with the Consultation Parties) or other place as the Debtors shall timely notify the Qualified Bidders.

10. As soon as practicable after the Auction, but no later than one (1) day after conclusion of the Auction, the Debtors shall provide electronic notice of the results thereof on the case docket.

11. With respect to the Executory Contracts, no later than February 2, 2018 the Debtors will file with the Court and serve by first class mail on each party to an Executory Contract a notice setting forth the amount of cure owed thereunder according to the Debtors books and records (the "Cure Notice"). The Cure Notice shall state (i) the cure amount that the Debtors believe is necessary to assume such contract or lease pursuant to section 365 of the Bankruptcy Code (the "Cure Amount"), (ii) notify each party that such party's lease or contract may be assumed and assigned to the Successful Bidder to be identified at the conclusion of the Auction, (iii) state the date of the Sale Hearing; and (iv) state the deadline by which the non-Debtor party shall file an objection to the Cure Amount.

12. The form of the Cure Notice attached to the Sale Motion as Exhibit C is reasonably calculated to provide counterparties to the Executory Contracts with proper notice of

the intended assumption and assignment of the Executory Contracts, any cure amounts relating thereto and procedures for objecting to assumption or assignment of the Executory Contracts.

13. The deadline for filing an objection (a "Cure Objection") to the Cure Amounts shall be **February 12, 2018 at 4:00 p.m. (ET)** (the "Cure Objection Deadline"). Objections, if any, shall be in writing, filed with the Court and served upon the Objection Notice Parties, so that they are actually received on or before the Cure Objection Deadline. Any objection to a Cure Amount must state with specificity what cure the party to the Executory Contract believes is required with appropriate documentation in support thereof. If no objection is timely received, the Cure Amount set forth on the Cure Notice shall be controlling notwithstanding anything to the contrary in any Executory Contract or other document as of the date of the Cure Notice. Any objections not resolved by the Sale Hearing may be adjourned to a later hearing date as fixed by the Court.

14. Non-Debtor parties to the Executory Contracts may seek additional adequate assurance information by emailing their request (and explicitly agreeing in writing that they will keep any information they receive confidential) to counsel for the Debtors, Gregg M. Galardi, Esq. (Gregg.galardi@ropesgray.com), Alex McGee, Esq. (alex.mcgee@ropesgray.com), and Erin R. Fay, Esq. (efay@bayardlaw.com) at least one day prior to the Auction. Counsel for the Debtors will email adequate assurance packages to those parties as soon as practicable but no later than one day after the Auction.

15. The deadline for filing an objection (an "Adequate Assurance Objection") to the assumption and assignment of an Executory Contract on the basis of a lack of adequate assurance of future performance shall be **February 13, 2018 at 4:00 p.m. (ET)** (the "Adequate Assurance Objection Deadline"). Objections, if any, shall be in writing, filed with the Court and

served upon the Objection Notice Parties, so that they are actually received on or before the Adequate Assurance Objection Deadline. Any objections not resolved by the Sale Hearing may be adjourned by the Debtors and an objecting party to a later hearing date as fixed by the Court.

16. Any non-Debtor party to an Executory Contract who does not file a timely Cure Objection or Adequate Assurance Objection shall be deemed to have consented to the cure amount stated in the Cure Notice and the assumption and assignment of its Executory Contract to the Successful Bidder and will be forever barred from objecting to such assumption and assignment on account of the Cure Amount, lack of adequate assurance, or any other grounds.

17. The hearing with respect to any Cure Objections and/or Adequate Assurance Objections may be held (i) at the Sale Hearing, or (ii) on such other date as the Bankruptcy Court may designate. To the extent the Debtors and non-Debtor counterparty to an Executory Contract are able to consensually resolve a Cure Objection or Adequate Assurance Objection prior to the Sale Hearing, the Debtors shall promptly provide notice to the Committee, the U.S. Trustee and the Successful Bidder, as applicable, of such resolution.

18. At any time on or prior to February 5, 2018 (the "Stalking Horse Deadline"), the Debtors (after consultation with the Consultation Parties) may enter into one or more stalking horse purchase agreement (each, a "Stalking Horse Agreement") with Qualified Bidders (each, a "Stalking Horse Bidder"). The Debtors shall not enter into Stalking Horse Agreements with more than one potential purchaser for a distinct set of Assets. Each Stalking Horse Agreement shall be subject to higher or better offers at the Auction and shall establish a minimum bid at the Auction for the Assets included in the Stalking Horse Agreement. The Stalking Horse Agreement may contain customary terms and conditions providing the Stalking Horse Bidder with reasonable bid protections (the "Bid Protections"); *provided, however*, that neither the DIP

Lender or Prepetition Term Loan Agent, or their affiliates, may seek Bid Protections if designated as a Stalking Horse Bidder.

19. If the Debtors enter into any such Stalking Horse Agreement(s), (a) on or before the Stalking Horse Deadline, the agreement(s) shall be placed on the Court's docket and notice thereof shall be given to all parties who received notice of this Motion, all parties on the Debtors' 2002 notice list and all Potential Bidders; and (b) the Court shall conduct a hearing on February 6, 2018 at 9:00 a.m. (ET) to approve the Debtors' entry into any Stalking Horse Agreement(s) and consider approval of the proposed Bid Protections. The Bid Protections hearing may be adjourned or rescheduled without notice other than as stated on the record in court or in an appropriate agenda letter

20. The DIP Lender and each of the Prepetition Term Loan Credit Parties and the Prepetition Secured Note Credit Parties (each as defined in the Bid Procedures) shall be considered a Qualified Bidder with respect to their rights to acquire all or any of the Assets by credit bid, and any such credit bid submitted by the DIP Lender, the Prepetition Term Loan Credit Parties or the Prepetition Note Credit Parties shall be deemed a Qualified Bid.

21. The requirements of Local Rule 6004-1(b) with respect to the filing of a copy of the proposed purchase agreement, or a form of such agreement substantially similar to the one the Debtors reasonably believe it will execute in connection with the proposed sale is hereby waived. The Debtors shall file a form of Sale Order as soon as practicable prior to a Sale Hearing.

22. The Debtors are authorized to execute and deliver all instruments and documents, and take such other action as may be necessary or appropriate to implement and effectuate the transactions contemplated by this order.

23. This Order shall be effective and enforceable immediately upon entry.

24. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:     Jan 31, 2018
Wilmington, Delaware

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE