# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : |
| | : Chapter 11 |
| AEROGROUP INTERNATIONAL, INC., *et al*,[1] | : |
| | : Case No. 17-11962 (KJC) |
| | : |
| | : *Jointly Administered* |
| Debtors. | : |
| | : **Re: D.I. 532, 566, 588** |
| | : |
| | : **Hearing Date:   February 14, 2018 at 10:00 a.m. (ET)** |
| | : **Objection Deadline: February 12, 2018 at 4:00 p.m. (ET)** |

## OBJECTION OF COMMERCE TECHNOLOGIES, LLC TO DEBTORS' PROPOSED CURE AMOUNT AND RESERVATION OF RIGHTS

Commerce Technologies, LLC dba CommerceHub ("CommerceHub") files this objection and reservation of rights with respect to the Notice of Potential Assumption and Assignment of Contracts and Related Cure Amounts [D.I. 588] (the "Cure Notice") filed by the above-captioned debtors (collectively, the "Debtors"), and in support thereof, states as follows:

1. On September 15, 2017, (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Aerogroup International, Inc. (6119), AGI Holdco, Inc. (7087), Aerogroup International LLC (4658), Aerogroup International Holdings LLC (4312), Aerogroup Retail Holdings, Inc. (4650), and Aerogroup Gift Card Company, Inc. (7551).

2. On January 24, 2018, the Debtors filed the *Motion of the Debtors for Entry of (I) an Order (A) Approving Bid Procedures For the Sale of Substantially All of the Debtors' Assets, (B) Approving Procedures For the Assumption and Assignment of Executory Contracts or Unexpired Leases in Connection with the Sale, (C) Authorizing the Debtors to Enter Into Stalking Horse Agreements and Approving Certain Bid Protections, Subject to a Further Hearing, (D) Scheduling a Sale Hearing and (E) Granting Certain Related Relief, and (II) an Order (A) Approving the Sale of the Debtors' Assets, (B) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (C) Granting Certain Related Relief* [D.I. 532] (the "Sale Motion"). By the Sale Motion, the Debtors seek, *inter alia*, approval to sell substantially all of their assets.

3. On January 31, 2018, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order approving the bid procedures proposed by the Debtors in the Sale Motion [D.I. 566] (the "Bid Procedures Order").

4. On February 2, 2018, pursuant to the Bid Procedures Order, the Debtors filed the *Notice of Potential Assumption and Assignment of Contracts and Related Cure Amounts* [D.I. 588] (the "Cure Notice") which included as Schedule 1 (the "Cure Amount Schedule") a list of the Debtors' executory contracts and unexpired leases that the Debtors may assume and assign to the successful bidder or bidders along with the cure amounts that the Debtors believe must be paid in order to assume and assign the respective contracts and leases (the "Cure Amounts").

5. Pursuant to the Bid Procedures Order, any party seeking to object to the validity of a Cure Amount is required to file and serve an objection (a "Cure Objection") on or before February 12, 2018 at 4:00 p.m. (the "Cure Objection Deadline").

6. The Cure Amount Schedule lists CommerceHub as the counterparty to a Logistics Contract (Software) (the "CommerceHub Contract") that is subject to potential assumption and assignment pursuant to the Sale Motion and Bid Procedures Order. Pursuant to the Cure Amount Schedule, the Debtors assert that the cure amount required for the assumption of the CommerceHub Contract is $0 (the "Proposed Cure Amount").

7. Prior to the Petition Date and pursuant to the CommerceHub Contract, CommerceHub provided ecommerce software and services to the Debtors for which the Debtors remain obligated to CommerceHub in the aggregate amount of $20,872.45. Additionally, subsequent to the Petition Date, CommerceHub continued to provide services to the Debtors in the ordinary course of business for which the Debtors remain obligated to CommerceHub in the aggregate amount of $36,287.19. Accordingly, the total amount currently due from the Debtors to CommerceHub for both pre- and post-petition services rendered is $57,159.64. Attached hereto as **Exhibit A** are true and correct copies of invoices reflecting the above amounts due.

8. The Court has not yet established deadlines for the filing of either pre-petition general unsecured claims or administrative claims. If the CommerceHub Contract is not assumed and assigned, CommerceHub intends to submit a pre-petition general unsecured claim and an administrative claim for the above amounts.

**Objection**

9. Pursuant to § 365 of the Bankruptcy Code, if there has been a default in an executory contract, the debtor-in-possession may not assume such contract unless, at the time of assumption, the debtor-in possession: (1) cures, or provides adequate assurance that the debtor-in-possession  will promptly cure, such default; (2) compensates, or provides adequate assurance of prompt compensation, for any actual pecuniary loss resulting from such default; and (3)

provides adequate assurance of future performance under the assumed contract. *See* 11 U.S.C. § 365(b)(1).

11. Further, the debtor-in-possession must cure all defaults, including both pre-petition and post-petition defaults. *See In re Network Access Solutions, Corp.*, 330 B.R. 67, 76 (Bankr. D. Del. 2005) (noting that "when a contract is assumed under Section 365, *all* unpaid amounts due under the agreement must be paid") (emphasis added); *see also In re Washington Capital Aviation & Leasing*, 156 B.R. 167, 173 (Bankr. E.D. Va. 1993) (noting that § 365(b)(1) requires a debtor to cure both pre-petition and post-petition defaults in order to assume a lease or contract); *In re Berkshire Chemical Haulers, Inc.*, 20 B.R. 797, 812 (Bankr. W.D. Tenn. 1990) (same).

11. The Debtors' Proposed Cure Amount of $0 does not satisfy the requirements of Section 365(b)(1) of the Bankruptcy Code. The Proposed Cure Amount entirely ignores the amounts due to CommerceHub for services rendered to the Debtors both pre- and post-petition. The Debtors currently owe CommerceHub the aggregate amount of $57,159.64 on account of pre- and post-petition services rendered to the Debtors.

12. Pursuant to § 365 of the Bankruptcy Code, the Debtors must cure *all* contractual defaults, including by paying all amounts due to CommerceHub for pre-petition and post-petition services.

13. Accordingly, CommerceHub objects to the Proposed Cure Amount, and asserts that the appropriate cure amount is $57,159.64. CommerceHub further objects to the potential assumption and assignment of its executory contract to the extent that the Debtors have failed to provide adequate assurance of future performance pursuant to Section 365(b)(1)(C) of the Bankruptcy Code. Finally, CommerceHub reserves its rights to supplement or amend this

Objection within a reasonable time to include any additional cure amounts incurred prior to the assumption of its executory contract.

WHEREFORE, CommerceHub respectfully requests that the Court enter an order denying any proposed assumption and assignment of its executory contract on the terms proposed by the Debtors and instead (i) order that the appropriate cure amount necessary for the assumption of the CommerceHub Contract pursuant to Section 365(b)(1) of the Bankruptcy Code is $57,159.64, (ii) order that adequate assurance of future performance be provided to CommerceHub, and (iii) grant such other and further relief as is just and appropriate.

Dated:  February 9, 2018

By: /s/ Daniel M. Pereira
Richard A. Barkasy (#4683)
Daniel M. Pereira (#6450)
SCHNADER HARRISON SEGAL & LEWIS LLP
824 North Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 888-4554
Facsimile:  (302) 888-1696
rbarkasy@schnader.com
dpereira@schnader.com

*Counsel for Commerce Technologies, LLC*