IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : |
| | :    Chapter 11 |
| AEROGROUP INTERNATIONAL, INC., *et al*,[1] | : |
| | :    Case No. 17-11962 (KJC) |
| | : |
| | :    *Jointly Administered* |
| Debtors. | : |
| | :    **Re: D.I. 532, 566, 588** |
| | : |
| | :    **Hearing Date: February 14, 2018 at 10:00 a.m. (ET)** |
| | :    **Objection Deadline: February 12, 2018 at 4:00 p.m. (ET)** |
| | : |

**OBJECTION OF QVC, INC. TO DEBTORS' PROPOSED
CURE AMOUNT AND RESERVATION OF RIGHTS**

QVC, Inc. ("QVC") files this objection and reservation of rights with respect to the Notice of Potential Assumption and Assignment of Contracts and Related Cure Amounts [D.I. 588] (the "Cure Notice") filed by the above-captioned debtors (collectively, the "Debtors"), and in support thereof, states as follows:

1. On September 15, 2017, (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Aerogroup International, Inc. (6119), AGI Holdco, Inc. (7087), Aerogroup International LLC (4658), Aerogroup International Holdings LLC (4312), Aerogroup Retail Holdings, Inc. (4650), and Aerogroup Gift Card Company, Inc. (7551).

2.  On January 24, 2018, the Debtors filed the *Motion of the Debtors for Entry of (I) an Order (A) Approving Bid Procedures For the Sale of Substantially All of the Debtors' Assets, (B) Approving Procedures For the Assumption and Assignment of Executory Contracts or Unexpired Leases in Connection with the Sale, (C) Authorizing the Debtors to Enter Into Stalking Horse Agreements and Approving Certain Bid Protections, Subject to a Further Hearing, (D) Scheduling a Sale Hearing and (E) Granting Certain Related Relief, and (II) an Order (A) Approving the Sale of the Debtors' Assets, (B) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (C) Granting Certain Related Relief* [D.I. 532] (the "Sale Motion"). By the Sale Motion, the Debtors seek, *inter alia*, approval to sell substantially all of their assets.

3.  On January 31, 2018, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order approving the bid procedures proposed by the Debtors in the Sale Motion [D.I. 566] (the "Bid Procedures Order").

4.  On February 2, 2018, pursuant to the Bid Procedures Order, the Debtors filed the *Notice of Potential Assumption and Assignment of Contracts and Related Cure Amounts* [D.I. 588] (the "Cure Notice") which included as Schedule 1 (the "Cure Amount Schedule") a list of the Debtors' executory contracts and unexpired leases that the Debtors may assume and assign to the successful bidder or bidders along with the cure amounts that the Debtors believe must be paid in order to assume and assign the respective contracts and leases (the "Cure Amounts").

5.  Pursuant to the Bid Procedures Order, any party seeking to object to the validity of a Cure Amount is required to file and serve an objection (a "Cure Objection") on or before February 12, 2018 at 4:00 p.m. (the "Cure Objection Deadline").

6.  QVC and Aerogroup International, LLC ("Debtor") are party to a Dropship Agreement dated as of February 10, 2012 (the "Dropship Agreement") pursuant to which QVC markets and promotes the Debtor's products through television and other electronic media. From time to time under the Dropship Agreement, QVC owes monies to the Debtor for products sold and the Debtor owes monies to QVC for various counter-obligations, including without limitation credits for returned products. The obligations of the Debtor and QVC in connection with these transactions are subject to netting and settlement through rights of recoupment and setoff.

7.  The Cure Amount Schedule lists QVC as the counterparty to the Dropship Agreement that is subject to potential assumption and assignment pursuant to the Sale Motion and Bid Procedures Order. Pursuant to the Cure Amount Schedule the Debtors assert that the cure amount required for the assumption of the Dropship Agreement is $0 (the "Proposed Cure Amount").

8.  As of February 5, 2018, the Debtors owed QVC $43,266 for product returns. As of the date hereof, the known obligations of the Debtor to QVC for product returns do not exceed the amounts due to the Debtor for product sales. However, the amount of product returns changes from day to day and are not within the control of QVC. Accordingly, this Objection is filed to preserve any and all rights of QVC to continue to net all return obligations against amounts due the Debtors from time to time and to obtain payment for any such amounts not fully covered by netting.

**Objection**

9.  Pursuant to § 365 of the Bankruptcy Code, if there has been a default in an executory contract, the debtor-in-possession may not assume such contract unless, at the time of assumption, the debtor-in possession: (1) cures, or provides adequate assurance that the debtor-

in-possession will promptly cure, such default; (2) compensates, or provides adequate assurance of prompt compensation, for any actual pecuniary loss resulting from such default; and (3) provides adequate assurance of future performance under the assumed contract. *See* 11 U.S.C. § 365(b)(1).

10. Further, the debtor-in-possession must cure **all** defaults, including both pre-petition and post-petition defaults. *See In re Network Access Solutions, Corp.*, 330 B.R. 67, 76 (Bankr. D. Del. 2005) (noting that "when a contract is assumed under Section 365, **all** unpaid amounts due under the agreement must be paid") (emphasis added); *see also In re Washington Capital Aviation & Leasing*, 156 B.R. 167, 173 (Bankr. E.D. Va. 1993) (noting that § 365(b)(1) requires a debtor to cure both pre-petition and post-petition defaults in order to assume a lease or contract); *In re Berkshire Chemical Haulers, Inc.*, 20 B.R. 797, 812 (Bankr. W.D. Tenn. 1990) (same).

11. The Debtors' Proposed Cure Amount of $0 does not satisfy the requirements of Section 365(b)(1) of the Bankruptcy Code. The Proposed Cure Amount ignores the amounts due to QVC from time to time as a result of product returns.

12. Pursuant to § 365 of the Bankruptcy Code, the Debtors must cure **all** contractual defaults, including by paying all amounts due to QVC.

13. QVC further objects to the potential assumption and assignment of its executory contract to the extent that the Debtors have failed to provide adequate assurance of future performance pursuant to Section 365(b)(1)(C) of the Bankruptcy Code.

14. QVC reserves its rights to supplement or amend this Objection within a reasonable time to include any additional cure amounts incurred prior to the assumption of its executory contract.

WHEREFORE, QVC respectfully requests that the Court enter an order denying any proposed assumption and assignment of its executory contract on the terms proposed by the Debtors and instead (i) order that the assumption of the Dropship Agreement pursuant to Section 365(b)(1) of the Bankruptcy Code is subject to QVC's continuing claims for returned product and all rights to net product returns against amounts due the Debtors or their assignee from time to time, (ii) order that adequate assurance of future performance be provided to QVC, and (iii) grant such other and further relief as is just and appropriate.

Dated:  February   12, 2018

By:  /s/ Daniel M. Pereira
Richard A. Barkasy (#4683)
Daniel M. Pereira (#6450)
SCHNADER HARRISON SEGAL & LEWIS LLP
824 North Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 888-4554
Facsimile:  (302) 888-1696
rbarkasy@schnader.com
dpereira@schnader.com

*Counsel for QVC, Inc.*

## CERTIFICATE OF SERVICE

I, Daniel M. Pereira, hereby certify that on February 12, 2018, I caused true and correct copies of the foregoing to be served on the parties listed below in the manner indicated and all other parties registered for electronic service via CM/ECF.

/s/ Daniel M. Pereira
Daniel M. Pereira (#6450)

**Via UPS Overnight Delivery**

John Lawrence
Palladin Consumer Retail Products
John Hancock Tower
200 Clarendon Street, 26th Floor
Boston, MA 02116

**Via Email**

Gregg M. Galardi
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704
Gregg.galardi@ropesgray.com

Scott D. Cousins
Erin R. Ray
Bayard, P.A.
600 N. King Street, Suite 400
Wilmington, DE 19801
scousins@bayardlaw.com
efay@bayardlaw.com

David L. Buchbinder
Office of the United States Trustee
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
David.l.buchbinder@usdoj.gov

Matthew Murphy
Paul Hastings LLP
71 S. Wacker Drive, 45th Floor
Chicago, Illinois 60606
mattmurphy@paulhastings.com

Robert M. Hirsh, Esq.
Arent Fox LLP
1675 Broadway
New York, NY 10019
Robert.hirsh@arentfox.com

Jacqueline Marcus
Weil Gotschal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Jacqueline.marcus@weil.com

Michael Klein
Sarah A. Carnes
Cooley LLP
mklein@cooley.com
scarnes@cooley.com