IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AEROGROUP INTERNATIONAL, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17-11962 (KJC)<br><br>Jointly Administered<br><br>Adequate Assurance Objection Deadline: February 13, 2018<br>Sale Hearing: February 15, 2018<br><br>Related to Docket Nos. 532, 566 |

**OBJECTION OF THE CHUBB COMPANIES WITH RESPECT TO ADEQUATE ASSURANCE OF FUTURE PERFORMANCE OF CONTRACTS ASSUMED AND ASSIGNED PURSUANT TO THE DEBTORS' PROPOSED SALE OF ASSETS**

Federal Insurance Company, Executive Risk Specialty Insurance Company, Great Northern Insurance Company, Chubb Insurance Company of New Jersey, ACE American Insurance Company, Westchester Fire Insurance Company and Insurance Company of North America (and together with each of their affiliates and successors, the "Chubb Companies"), by and through their undersigned counsel, hereby file this objection (the "Objection") to the proposed sale of assets, as described further in the Debtors' Motion for Entry of (I) An Order (A) Approving Bid Procedures for the Sale of Substantially All of the Debtors' Assets, (B) Approving Related Contract Assumption and Assignment Procedures, (C) Authorizing the Debtors to Enter Into Stalking Horse Agreements and Approving Certain Bid Protections, Subject to a Further Hearing, (D) Scheduling a Sale Hearing, and (E) Granting Certain Related Relief; and (II) An Order (A) Approving the Sale of the Debtors' Assets, (B) Approving the Assumption and Assignment of

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Aerogroup International, Inc. (6119), AGI Holdco, Inc. (7087), Aerogroup International LLC (4658), Aerogroup International Holdings LLC (4312), Aerogroup Retail Holdings, Inc. (4650), and Aerogroup Gift Card Company, Inc. (7551). The mailing address for the Debtors, solely for purposes of notices and communications, is: 201 Meadow Road, Edison, New Jersey 08817.

DM3\5047157.2

Certain Executory Contracts and Unexpired Leases, and (C) Granting Certain Related Relief [Docket No. 532] (the "Motion") as it relates to the adequate assurance of future performance of contracts assumed and assigned pursuant to the proposed Sale. In support of the Objection, the Chubb Companies respectfully state as follows:

## PRELIMINARY STATEMENT

1. On January 30, 2018, the Chubb Companies filed their *Reservation of Rights of the Chubb Companies with Respect to the Debtors' Proposed Sale of Assets* [Docket No. 554], reserving their rights to object to the Motion, any proposed Sale, or any agreement or order related thereto. Thereafter, on February 12, 2018, the Chubb Companies filed their *Objection of the Chubb Companies With Respect to the Debtors' Proposed Sale of Assets* [Docket No. 614] (the "Sale Objection")[2] wherein the Chubb Companies set forth certain facts with respect to the Insurance Programs and objections with respect to the proposed Sale of Assets. The Chubb Companies therefore (i) incorporate by reference the Background and specific objections contained in the Sale Objection and (ii) further object to the Sale as the Chubb Companies, despite demand, have not received adequate assurance information as it relates to contracts assumed and assigned pursuant to the Sale.

## OBJECTION

A. **The Successful Bidder Must Provide Adequate Assurance of Future Performance**

2. Pursuant to § 365(f)(2) of the Bankruptcy Code, the assignee must provide adequate assurance of future performance.

---

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Sale Objection.

3. Pursuant to the Sale Order, Non-Debtor parties to Executory Contracts may seek adequate assurance information by emailing their request (and specifically agreeing in writing that they will keep any information they receive confidential) to counsel for the Debtors, and counsel for the Debtors will email adequate assurance packages to those parties as soon as practicable, but no later than one day after the Auction.

4. Counsel for the Chubb Companies timely requested such information twice, complying with the stipulations for receipt of such information provided in the Sale Order.

5. It should also be noted that in making the request for adequate assurance information, counsel for the Chubb Companies did advise counsel for the Debtors that any assignment of the Insurance Programs to any proposed assignee will necessitates an extensive underwriting review process, which requires substantial time to complete.

6. As of the time of this filing, the Chubb Companies have not received any adequate assurance information let alone had sufficient time to review such. And in fact, the Chubb Companies are not aware that a Stalking Horse or Successful Bidder has even been identified.

7. Indeed, the Debtors have twice extended certain relevant dates in connection with the Sale, including the Bid Deadline, currently scheduled for February 14, 2018 at 10:00 a.m., and the Auction, currently scheduled to occur on February 14, 2018 at 12:00 p.m.; however, the Debtors have maintained the Adequate Assurance Objection Deadline at February 13, 2018.

8. Preserving the Adequate Assurance Objection Deadline one day prior to the Bid Deadline renders it impossible for the Debtors to sufficiently provide adequate assurance information to interested parties as there exists no certainty as to who, if anyone, may be a potential bidder.

9. Accordingly, the Chubb Companies further object on the basis that the Chubb Companies do not have adequate assurance as required by § 365(f)(2) of the Bankruptcy Code.

B. **Reservation of Rights.**

10. The Chubb Companies reserve their rights to assert additional objections to the Motion, any Sale, any purchase agreement or order related thereto, and any attempt by the Debtors to assume and assign some or all of the Insurance Program to the Successful Bidder.

WHEREFORE, the Chubb Companies request that, as a condition precedent for the approval of the Sale, this Court enter an order (a) requiring that the Debtors, (I) immediately provide adequate insurance information to the Chubb Companies and allow them a reasonable amount of time to review and (II) subject to the Chubb Companies' review and approval of the adequate assurance information, on or before the Closing Date: (i) receive the express written consent of the Chubb Companies to the assumption and assignment of the Insurance Programs and satisfy any conditions for such consent; (ii) requiring that the Successful Bidder be liable for all of the Debtors' obligations and liabilities, whether now existing or hereafter arising, under the Insurance Programs including, without limitation, the duty to continue to provide collateral and security as required thereunder; and (iii) providing that the assumption and assignment of the Insurance Programs in no way limits, diminishes, or otherwise alters or impairs the Debtors', the Successful Bidder's and/or the Chubb Companies' defenses, claims, causes of action, or other rights under applicable non-bankruptcy law with respect to the Insurance Programs; and (b) granting such other relief as is just and proper.

Dated: February 13, 2018

Respectfully submitted,

DUANE MORRIS LLP

By: /s/ Richard W. Riley
Richard W. Riley, Esq. (DE Bar No. 4052)
Duane Morris LLP
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801
Telephone: 302-657-4928
Fax: 302-657-4901
Email: rwriley@duanemorris.com

-and-

Wendy M. Simkulak, Esquire
Drew S. McGehrin, Esquire
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone: (215) 979-1000
Email: wmsimkulak@duanemorris.com
Email: dsmcgehrin@duanemorris.com

*Counsel for the Chubb Companies*