**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AEROGROUP INTERNATIONAL, INC., *et al.*,<br><br>　　　　　　　　　　Debtors.¹ | Chapter 11<br><br>Case No. 17-11962 (KJC)<br><br>(Jointly Administered) |
| AEROGROUP INTERNATIONAL, INC., *et al.*,<br><br>　　　　　　　　　　Plaintiffs.<br>v.<br><br>GBG USA INC.,<br><br>　　　　　　　　　　Defendant. | Adversary Proceeding No. 18-50715 (KJC)<br><br>**Re: Docket Nos. 1127, 1131, 1132, 1135, 1151, 1152;**<br>　　**AP Docket Nos. 35, 38, 42, 43** |

**SUBMISSION OF THL CORPORATE FINANCE, INC. IN CONNECTION WITH APRIL 23, 2019 STATUS HEARING**

At the status hearing on April 23, 2019 (the "Status Hearing"), THL Corporate Finance, Inc., ("THL"), in its capacity as administrative agent to the Debtors' Prepetition Term Loan Lenders,² hopes to announce jointly with Polk 33 Lending, LLC ("Polk," and together with THL, the "Parties") an agreement in principal related to the distribution of the proceeds (the "Sale Proceeds") from the Debtors' asset sale in accordance with the Court's decision on March 26, 2019 (the "Allocation Decision"). THL views these negotiations as a significant milestone towards finally concluding these chapter 11 cases. Unfortunately, however, as it relates to the GBG

---

¹ The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Aerogroup International, Inc. (6119), AGI Holdco, Inc. (7087), Aerogroup International LLC (4658), Aerogroup International Holdings LLC (4312), Aerogroup Retail Holdings, Inc. (4650), and Aerogroup Gift Card Company, Inc. (7551). The mailing address for the Debtors, solely for purposes of notices and communications, is: 201 Meadow Road, Edison, New Jersey 08817.

² Capitalized terms used but not otherwise defined herein have the meaning given to them in Allocation Decision (as defined below).

01:24416526.1

litigation, the Parties have been unable to reach a resolution regarding the distribution of the $4.2 million in proceeds from the Debtors' settlement of the GBG litigation (the "Settlement Proceeds"). THL wants nothing more than to resolve this dispute as well and submits this statement to outline a proposed resolution.

1.     As set forth in THL's limited objection to the Debtors' settlement motion, THL strongly believes that it is entitled to a significant portion of the $4.2 million in Settlement Proceeds, in accordance with both the Final DIP Order and the Delaware Uniform Commercial Code. More specifically, THL believes it holds a first lien on *all proceeds* derived from THL's collateral, namely the Debtors' intellectual property and its associated goodwill.

2.     In an effort to resolve the Parties' dispute, THL has included below two proposed methodologies of distributing the Settlement Proceeds. The first methodology, which THL believes is the most factually and legally correct one, would allocate the Settlement Proceeds in the same manner that the Court allocated goodwill in its Allocation Decision. This approach is rooted in the fact that the Debtors' complaint against GBG is predicated on an approximately $30 million loss in the Debtors' going-concern valuation as a result of the GBG Transaction failing to close. Absent a showing that this lost value affected certain specific assets of the Debtors, THL believes the most logical conclusion is that the Debtors' brand—i.e., its residual or goodwill value—bore the brunt of the impact. In the Allocation Decision, the Court held that "the lion's share" of the Debtors' residual goodwill value was attributable to the Debtors' intellectual property or the goodwill associated with intellectual property. Thus, of the approximately $1.4 million of such residual value, the Court allocated $1.2 million (or approximately 84%) to THL and $200,000 (or approximately 16%) to Polk as relating to value attributable to general intangibles. Applying these percentages to the $4.2 million in Settlement Proceeds, THL is entitled to approximately $3.612 million of the proceeds and Polk to approximately $588,000, in each case subject to a ratable

2

reduction by an amount necessary to pay the allowed fees and expenses of Reid Collins & Tsai LLP ("RCT") as special litigation counsel to the Debtors.

3. An alternative way to allocate the Settlement Proceeds—which THL is willing to accept in the interest of resolving the issue—is to simply adopt the methodology set forth in the Allocation Decision, which distributed 69% of the Sale Proceeds to THL and 31% to Polk. The Court's rationale for its Allocation Decision arguably applies to the Settlement Proceeds, because the task is the same: determining the relative value of the Debtors' assets within THL's and Polk's respective collateral pool. In the case of the Allocation Decision, the task was valuing the assets in connection with their sale; here, the task is valuing the assets in connection with tortious conduct that allegedly caused them damage. Applying the Allocation Decision's relative allocation percentages to the $4.2 million in settlement proceeds, THL should be entitled to approximately $2.9 million (or 69%) of the proceeds, and Polk to approximately $1.3 million (or 31%) of the proceeds, in each case subject to a ratable reduction for RCT's fees.

4. While THL would be within its rights to seek the higher allocation percentage in the first methodology, in an effort to fully and finally resolve the issues between the Parties, THL is willing to settle pursuant to the second methodology. THL looks forward to discussing these and other issues with the Court further at the Status Hearing.

[*remainder of page intentionally left blank*]

| | |
|---|---|
| Dated: April 22, 2019<br>Wilmington, Delaware | Respectfully submitted,<br><br>**YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br><br>/s/ *Michael S. Neiburg*<br>M. Blake Cleary (No. 3614)<br>Michael S. Neiburg (No. 5275)<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br><br>- and -<br><br>**PAUL HASTINGS LLP**<br>Matthew M. Murphy<br>71 S. Wacker Drive, 45th Floor<br>Chicago, IL 60606<br>Telephone: (312) 499-6000<br>Facsimile: (302) 571-1253<br><br>- and -<br><br>**PAUL HASTINGS LLP**<br>Nicholas A. Bassett<br>875 15th Street, N.W.<br>Washington, D.C. 20005<br>Telephone: (202) 551-1700<br>Facsimile: (202) 551-1705<br><br>*Counsel to THL Corporate Finance, Inc., as administrative agent* |